J. Paul Gignac, SBN 125676
**JPG LAWAPC**
15 W. Carrillo Street, Suite 246
Santa Barbara, California 93101
Telephone: (805) 683-7400
Facsimile: (805) 962-0722
jpg@foleybezek.com

Bobby Saadian, SBN: 250377
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
bobby@wilshirelawfirm.com

*Attorneys for Plaintiffs*
*and Proposed Classes*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHI NAINI; DANA PICA; GABRIELLE GROFF, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>DELTA AIR LINES, INC., a Delaware Corporation; and DOES 1 to 10, inclusive;<br><br>          Defendant. | CASE NO.: 2:18-cv-02876-MWF-E<br><br>Hon. Michael W. Fitgerald<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br>1. BREACH OF IMPLIED CONTRACT<br>2. NEGLIGENCE<br>3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 UNLAWFUL BUSINESS PRACTICES<br>4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES<br>5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. |

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES
6. NEGLIGENCE *PER SE*
7. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
8. VIOLATION OF CALIFORNIA DATA BREACH ACT

Plaintiffs Arthi Naini, Dana Pica, Gabrielle Groff ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiff's allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.    In April, 2018, Delta Airlines, Inc. ("Delta") announced that its customer service company had suffered a malware attack last fall and hundreds of thousands of Delta customers that used the customer service company from September 26, 2017 to October 12, 2017 is likely to be affected.

2.    Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Delta, for its reckless and negligent violation of customer privacy rights.  Plaintiffs and Class Members are former customers who made reservations for flights and/or other travel services with Delta during the period of September 26, 2017 to October 12, 2017.

3.    Plaintiffs and Class Members suffered injuries.  The security breach compromised customers' full name, credit and debit card account numbers, card expiration dates, card verification codes, email, phone number, address, and other private identifiable information ("PII").

4.    As a result of Delta's wrongful actions and inactions, customer information was stolen.  Many of the customers who booked flights and/or other travel related services offered Delta have had their PII compromised, have had their

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

## THE PARTIES

5.    Plaintiff Arthi Naini ("Plaintiff") is a California citizen residing in Los Angeles, California.

6.    Plaintiff Dana Pica is a California citizen residing in Laguna Niguel, California.  Plaintiff is a long-time customer of Defendant who has given his personal identifying information to Defendant.  Shortly after the breach, Plaintiff's debit and credit card information was accessed by hackers.  In addition, Plaintiff has to purchase credit and personal identity monitoring service to alert him to potential misappropriation of his identity and to combat risk of further identity theft. At a minimum, therefore, Plaintiff has suffered damages because he will be forced to incur the cost of monitoring service.  Exposure of Plaintiff's identifying personal information has placed him at imminent, immediate and continuing risk of further identity theft-related harm.

7.    Plaintiff Gabrielle Groff is a California citizen residing in Culver City, California.  Plaintiff is a long-time customer of Defendant who has given her personal identifying information to Defendant.  Shortly after the breach, Plaintiff's debit and credit card information was accessed by hackers.  In addition, Plaintiff has to purchase credit and personal identity monitoring service to alert her to potential misappropriation of his identity and to combat risk of further identity theft. At a minimum, therefore, Plaintiff has suffered damages because she will be forced to incur the cost of monitoring service.  Exposure of Plaintiff's identifying personal information has placed him at imminent, immediate and continuing risk of further identity theft-related harm.

8.    Plaintiffs brings this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who had booked flights,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and/or other travel related services offered by Delta during the period of September 26, 2017 to October 12, 2017.

9.    Defendant Delta Air Lines, Inc. ("Delta") is a is a Delaware limited liability company with a principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30320.

10.    It is believed that Delta provides online travel reservation and related services to consumers and local partners through its website and through mobile applications and provide air transportation to consumers.  Delta also maintains a hub at the Los Angeles International Airport.

11.    Unless otherwise stated, all Defendants are collectively referred to herein as "Defendants." Plaintiffs are informed and alleges that at all relevant times Defendants shared common management, officers, owners, and directors, and that they carried out a joint scheme, business plan, or policy, and that acts or omissions of each are attributable to the other. Plaintiff are informed and alleges that at all relevant times Defendants did business in the state of California. Plaintiffs are informed and alleges that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

14.     The Court also has personal jurisdiction over the Parties because Defendants conduct a major part of their national operations with regular and continuous business activity in California, with an advertising budget both not exceeded in other jurisdictions throughout the United States.

15.     Venue is appropriate because, among other things: (a) Plaintiffs are residents of this District and a citizen of this state; (b) the Defendants had directed their activities at residents in this District; (b) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

16.     Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendants conduct a large amount of their business in this District, and Defendants have substantial relationships in this District.  Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## SUBSTANTIVE ALLEGATIONS

### A. The Delta Data Breach.

17.     On or about April 6, 2018, Delta sent notice to credit card users stating that Delta's customer service company was hacked by malware and that any transactions made with Delta from September 26, 2017 to October 12, 2017 may be affected.

### B. Stolen Information Is Valuable to Hackers and Thieves.

18.     It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data security and threats thereto, is well known. Despite well-publicized litigation and frequent public announcements of data breaches, Defendants opted to maintain an insufficient and inadequate system to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

protect the payment information of Plaintiffs and Class Members. It is well known, and the subject of many media reports, that PII is highly coveted and a frequent target of hackers. Despite well-publicized litigation and frequent public announcements of data breaches, Defendants and its affiliates opted to maintain an insufficient and inadequate system to protect the PII of Plaintiffs and Class Members.

19. Legitimate organizations and criminal underground alike recognize the value of PII. Otherwise, they would not aggressively seek or pay for it. As previously seen in one of the world's largest data breaches, hackers compromised the card holder data of 40 million of Target's customers. *See* "Target: 40 million credit cards compromised," CNN Money, Dec. 19, 2013, *available* at http://money.cnn.com/2013/12/18/news/companies/target-credit-card/, attached hereto as **Exhibit A**.

20. Credit or debit card information is highly valuable to hackers. Credit and debit card information that is stolen from the point of sale are known as "dumps." *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/, attached hereto as **Exhibit B**. Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece." *Id.* This information can also be used to clone a debit or credit card. *Id.*

*C. The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud*

21. Defendants failed to implement and maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiffs and the Class Members.

22. The ramification of Defendants' failure to keep Plaintiff's and Class Members' data secure is severe.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

23.    According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html, attached hereto as **Exhibit C**.

24.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again.  On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems."  *See* "Victims of Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf, attached hereto as **Exhibit D**.  In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims."  *Id*. at 11.

### D.  Annual Monetary Losses from Identity Theft are in the Billions of Dollars

25.    Javelin Strategy and Research reports that losses from identity theft reached $21 billion in 2013.  *See* 2013 Identity Fraud Report, attached hereto as **Exhibit E**. There may be a time lag between when harm occurs and when it is discovered, and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

See GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at *http://www.gao.gov/new.items/d07737.pdf*, attached hereto as **Exhibit F**.

26.     Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

### E.   Plaintiffs and Class Members Suffered Damages

27.     The data breach was a direct and proximate result of Defendants' failure to properly safeguard and protect Plaintiff's and Class Members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law.  The data breach was also a result of Defendants' failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

28.     Plaintiff's and Class Members' PII is private and sensitive in nature and was inadequately protected by Defendants.  Defendants did not obtain Plaintiff's and Class Members' consent to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

29.     As a direct and proximate result of Defendants' wrongful action and inaction and the resulting data breach, Plaintiffs and Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

30.    Defendants' wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.    Theft of their PII;

b.    The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiff's and Class Members' information on the Internet black market;

c.    The untimely and inadequate notification of the data breach;

d.    The improper disclosure of their PII;

e.    Loss of privacy;

f.    Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g.    Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h.    Overpayments to Defendants for booking and purchase during the subject data breach in that a portion of the price paid for such booking by Plaintiffs and Class Members to Defendants was for the costs of reasonable and adequate safeguards and security measures that would protect customers' PII, which Defendants did not implement and, as a

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

result, Plaintiffs and Class Members did not receive what they paid for and were overcharged by Defendants; and

i.   Deprivation of rights they possess under the Unfair Competition Laws.

## CLASS ACTION ALLEGATIONS

31.   Plaintiffs bring this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seek certification of a Nationwide class and a California class. The nationwide class is initially defined as follows:

> All persons residing in the United States who made a reservation or booking with Delta and/or flew with Delta from the time period September 26, 2017 to October 12, 2017 (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California who made a reservation or booking with Delta and/or flew with Delta from the time period September 26, 2017 to October 12, 2017 (the "California Class").

32.   Excluded from each of the above Classes are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

33.   *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Defendants' have

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

acknowledged that customers' PII was stolen for a period of two weeks. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendants' possession, custody, or control, such as reservation receipts and confirmations.

34.    *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendant owed a duty of care to Plaintiffs and Class Members with respect to the security of their personal information;

b.    Whether Defendant took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

c.    Whether Defendant violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

d.    Whether Defendant violated common and statutory law by failing to promptly notify Class Members that their Private Identifiable Information had been compromised;

e.    Which security procedures and which data-breach notification procedure should Defendant be required to implement as part of any injunctive relief ordered by the Court;

f.    Whether Defendant has an implied contractual obligation to use reasonable security measures;

g.    Whether Defendant has complied with any implied contractual obligation to use reasonable security measures;

h.    Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

11

i.    Whether Defendant knew or should have known of the security breach prior to its 2017 disclosure;

j.    Whether Defendant had a duty to promptly notify Plaintiffs and Class Members that their personal information was, or potentially could be, compromised;

k.    What security measures, if any, must be implemented by Defendant to comply with its implied contractual obligations;

l.    The nature of the relief, including equitable relief, to which Plaintiffs and the Class Members are entitled;

m.    Whether Defendant willfully and/or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.; and

n.    Whether Plaintiffs and the Class Members are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

35.    Typicality. Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was misused and/or disclosed by Defendants.

36.    *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4).  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intend to prosecute this action vigorously.  Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs has the same non-conflicting interests as the other Members of the Class.  The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

37.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  the possibility of inconsistent and potentially conflicting adjudication of the

2  asserted claims.  There will be no difficulty in the management of this action as a

3  class action.

4      38.    Damages for any individual class member are likely insufficient to

5  justify the cost of individual litigation so that, in the absence of class treatment,

6  Defendants' violations of law inflicting substantial damages in the aggregate would

7  go un-remedied.

8      39.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and

9  (b)(2), because Defendants have acted or refused to act on grounds generally

10  applicable to the Classes, so that final injunctive relief or corresponding declaratory

11  relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiffs and the Nationwide and California Classes)

15      40.    Plaintiffs allege and incorporates herein by reference, each and every

16  allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if

17  set forth fully herein.

18      41.    Defendants solicited and invited Plaintiffs and the members of the

19  Class to make flight and/or other travel related reservations with Delta.  Plaintiffs

20  and Class Members accepted Defendants' offers and made reservations with Delta.

21      42.    When Plaintiffs and Class Members made reservations with Delta,

22  they provided their Private Identifiable Information.  In so doing, Plaintiffs and

23  Class Members entered into implied contracts with Defendants pursuant to which

24  Defendants agreed to safeguard and protect such information and to timely and

25  accurately notify Plaintiffs and Class Members if their data had been breached and

26  compromised.

27      43.    Each reservation by Plaintiffs and Class Members was made pursuant

28  to the mutually agreed-upon implied contract with Defendants under which

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants agreed to safeguard and protect Plaintiff's and Class Members' PII and to timely and accurately notify them if such information was compromised or stolen.

44.     Plaintiffs and Class Members would not have provided and entrusted their PII to Defendants in the absence of the implied contract.

45.     Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

46.     Defendants breached the implied contracts they made with Plaintiffs and Class Members by failing to safeguard and protect the PII of Plaintiffs and Class Members and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the data breach.

47.     As a direct and proximate result of Defendants' breaches of the implied contracts between Defendants and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## <u>COUNT II</u>

### Negligence

(On Behalf of Plaintiffs and the Nationwide and California Classes)

48.     Plaintiffs alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

49.     Upon accepting Plaintiffs' and Class Members' PII in their respective system, Defendants undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so. This duty included, among other things, designing, maintaining, and testing Defendants' security systems to ensure that Plaintiff's and the Class Members' PII was adequately secured and protected.

50.     A "special relationship" exists between Defendant and the Plaintiffs

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and Class Members. Defendant entered into a "special relationship" with the Plaintiffs and Class Members whose Personal Information was requested, collected, and received by Defendant.  Defendant entered into a "special relationship" with all Plaintiffs and Class Members by placing their Personal Information in their database, and their affiliate's database.  Furthermore, Defendant also created a "special relationship" with Plaintiffs and Class Members who provided their information to Defendant and its affiliates, by playing a large role in creating and maintaining centralized computer systems and data security practices that were used for storage of all of Defendant's customers' Personal Information. Finally, Defendant also created a "special relationship" with Plaintiffs and Class Members whose Personal Information was placed in the Defendant database due to their dealings with its affiliates.  Plaintiff's and Class Members' Personal Information was placed in the Defendant's and/or its affiliates' database so that they could receive access to flights, and rentals with Defendant.

51.     Due to Defendant's negligence, Plaintiffs and Class Members have suffered a loss of value in the form of diminution in the value of their PII.  The diminution in the value of Plaintiffs and Class Members' PII results in physical damage to their property, namely, their PII.

52.     Defendants further had a duty to implement processes that would detect a breach of its security system in a timely manner.

53.     Defendants had a duty to timely disclose to Plaintiffs and Class Members that their PII had been or was reasonably believed to have been compromised.  Timely disclosure was appropriate so that, among other things, Plaintiffs and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and credit reports for fraudulent activity.

54.     Defendants breached its duty to discover and to notify Plaintiffs and Class Members of the unauthorized access by failing to discover the security breach

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

within reasonable time and by failing to notify Plaintiffs and Class Members of the breach until April, 2018. To date, Defendants have not provided sufficient information to Plaintiffs and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiffs and the Class.

55. Defendants also breached their duty to Plaintiffs and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering its negligent practices, Defendants failed to provide adequate supervision and oversight of the PII, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' PII, misuse the PII, and intentionally disclose it to others without consent.

56. Through Defendants' acts and omissions described in this Complaint, including Defendants' failure to provide adequate security and its failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen, and misused, Defendants unlawfully breached their duty to use reasonable care to adequately protect and secure Plaintiff's and Class Members' PII during the time it was within Defendants' control.

57. Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Defendants prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their PII.

58. Upon information and belief, Defendants improperly and inadequately safeguarded the PII of Plaintiffs and Class Members that deviated from standard industry rules, regulations, and practices at the time of the data breach.

59. Defendants' failure to take proper security measures to protect Plaintiffs and Class Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the

1  unauthorized access of Plaintiff's and Class Members' PII.

2      60.    Defendants' conduct was grossly negligent and departed from all

3  reasonable standards of care, including, but not limited to: failing to adequately

4  protect the PII; failing to conduct adequate regular security audits; failing to provide

5  adequate and appropriate supervision of persons having access to Plaintiff's and

6  Class Members' PII.

7      61.    Neither Plaintiffs nor the other Class Members contributed to the data

8  breach and subsequent misuse of their PII as described in this Complaint.  As a

9  direct and proximate result of Defendants' negligence, Plaintiffs and Class

10  Members sustained actual losses and damages as described in detail above.

11      62.    As a direct and proximate result of Defendant's negligence, Plaintiffs

12  and Class Members sustained actual losses and damages in an amount according to

13  proof at trial but in excess of the minimum jurisdictional requirement of this Court.

14                          **COUNT III**

15  **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §**

16                  **17200 Unlawful Business Practices**

17              (On Behalf of Plaintiffs and California Class)

18      63.    Plaintiffs allege and incorporate herein by reference, each and every

19  allegation contained in paragraphs 1 through 37, inclusive of this Complaint as if

20  set forth fully herein.

21      64.    Defendant has violated Cal. Bus. and Prof. Code §17200 et seq. by

22  engaging in unlawful, unfair or fraudulent business acts and practices that constitute

23  acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200.  Defendant

24  engaged in unlawful acts and practices with respect to its services by establishing

25  the sub-standard security practices and procedures described herein; by soliciting

26  and collecting Plaintiff's and Class Members' PII with knowledge that the

27  information would not be adequately protected; and by gathering Plaintiff's and

28  Class Members' PII in an unsecure electronic environment in violation of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendant to take reasonable steps to safeguard the PII of Plaintiffs and the Class Members. Defendant also violated Federal Trade Commission Act (15 U.S.C. §45), and Cal. Civ. Code § 1798.81.

65.    In addition, Defendants engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiffs and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82. To date, Defendants have not provided such sufficient information to Plaintiffs and the Class Members.

66.    As a direct and proximate result of Defendants unlawful acts and practices, Plaintiffs and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

67.    Defendants knew or should have known that their system had been breached and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

68.    Plaintiffs and members of the Classes seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Defendants may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## **COUNT IV**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices

(On Behalf of Plaintiffs and the California Class)

69.    Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

70.    Defendants engaged in unfair acts and practices by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; while Plaintiff's and the Class Members' PII would be processed in an unsecure electronic environment.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Class Members.  They were likely to deceive the public into believing their PII was secure, when it was not.  The harm these practices caused to Plaintiffs and the members of the Class outweighed their utility, if any.

71.    Defendants engaged in unfair acts and practices with respect to the provision of its services by failing to enact adequate privacy and security measures and protect Plaintiff's and Class Members' PII from further unauthorized disclosure, release, data breaches, and theft, and failing to timely discovery and give notice of the data breach.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Class Members. They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiffs and the Class Members outweighed their utility, if any.

72.    As a direct and proximate result of Defendants' acts of unfair practices and acts, Plaintiffs and the members of the Class were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

73.    Defendants knew or should have known that their systems and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

74.    Plaintiffs and Class Members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiffs and Class Members of money or property that the Defendants may have acquired by means of its unfair business practices, restitutionary disgorgement of all profits accruing to Defendants because of its unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT V

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Fraudulent/Deceptive Business Practices

(On Behalf of Plaintiffs and California Class)

75.    Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein

76.    Defendant engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Plaintiff's and Class Members' PII.  When Plaintiffs and Class Members were booking flights with Defendant, Defendant failed to disclose to Plaintiffs and Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Identifiable Information.  Plaintiffs and the Class Members would not have booked flights with Defendant if they had known about its substandard data security

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

practices. These nondisclosures were likely to deceive members of the public, including Plaintiffs and Class Members, into believing their PII was secure, when it was not, and that Defendant was complying with relevant law and industry standards, when it was not.

77.    As a direct and proximate result of Defendant's deceptive practices and acts, Plaintiffs and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

78.    Plaintiffs and the Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to the Plaintiffs and Class Members of money or property that Defendant acquired from Plaintiffs and the Class Members by means of its fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT VI

### Negligence *Per Se*

(On Behalf of Plaintiffs and the California Class)

79.    Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

80.    Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Defendant had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and the Class Members' PII.

81.    Defendant had a duty to Plaintiffs and the Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class Members' PII as required by California Civil Code §1798.81.5.

82.    Defendant breached its duties to Plaintiffs and the Class Members under the Federal Trade Commission Act (15 U.S.C. § 45) and California Civil

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Code §1798.81.5 by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and the Class Members' PII.

83.    Defendant's failure to comply with applicable laws and regulations constitutes negligence *per se*.

84.    But for Defendant's negligence *per se*, Plaintiffs and the Class Members would not have been injured.

85.    The injury and harm suffered by Plaintiffs and the Class Members was the reasonably foreseeable result of Defendant's negligence per se.

86.    Defendant knew or should have known that its negligence per se would cause Plaintiffs and the Class Members to experience the foreseeable harms associated with the exposure of their PII.

87.    As a direct and proximate result of Defendant's negligence per se, Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT VII

### Breach of the Covenant of Good Faith and Fair Dealing

(On Behalf of Plaintiffs, The Nationwide Class and the California Class)

88.    Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

89.    The law implies a covenant of good faith and fair dealing in every contract.

90.    Plaintiffs and Class Members contracted with Defendant by accepting Defendant's offers and paying for the booking of flight(s).

91.    Plaintiffs and Class Members performed all of their duties under their agreements with Defendant.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

92.     All of the conditions required for Defendant's performance under the contract have occurred.

93.     Defendant did not provide and/or unfairly interfered with and/or frustrated the right of Plaintiffs and the Class Members to receive the full benefits under their agreements.

94.     Defendant breached the covenant of good faith and fair dealing implied in its contracts with Plaintiffs and the Class Members by failing to use and provide reasonable and industry-leading security practices to safeguard the PII of Plaintiffs and the Class Members.

95.     Plaintiffs and the Class Members were damaged by Defendant's breach in that they paid for, but never received, the valuable security protections to which they were entitled.

96.     As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT VIII

### Violation of California Data Breach Act

(On Behalf of Plaintiffs and the California Class)

97.     Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

98.     Defendant was required, but failed, to take all reasonable steps to dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

99.     Defendant's conduct, as alleged herein above, violated

California, Cal. Civ. Code §§ 1798.80 *et. seq.*

100.    Defendant was required, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

101.    The data breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code.

102.    The information compromised in the data breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code.

103.    California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and without unreasonable delay…."

104.    Defendant violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure of the data breach to Plaintiffs and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

105.    Upon information and belief, no law enforcement agency instructed Defendant that notification to Plaintiffs and Class Members would impede a criminal investigation.

106.    As a direct and proximate result of Defendant's violation of Cal. Civ. Code § 1798.80, *et seq*., Plaintiffs and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further fraud.

107.    Plaintiffs and the Class Members seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by Class Members as alleged above; (b) statutory damages for Defendant's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

108.    In violating the California Data Breach Act, Defendant acted in a

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

24

willful, wanton and malicious manner, in callous and conscious disregard for the rights and  interests of Plaintiffs and the Class Members, and with knowledge that its conduct would substantially annoy, vex and damage Plaintiffs and the Class Members thereby entitling Plaintiffs and the Class Members to recover punitive and exemplary damages against Defendant  pursuant to California Civil Code section 3294 in an amount according to proof at trial.

## II.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

A.    For an Order certifying the Nationwide Class and California Class as defined here, and appointing Plaintiffs and their Counsel to represent the Nationwide Class and the California Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of here pertaining to the misuse and/or disclosure of Plaintiffs and Class Members' Private Identifiable Information, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiffs and Class Members;

C.    For equitable relief compelling Defendants to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

D.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants wrongful conduct;

E.    For an award of actual damages and compensatory damages, in an amount to be determined;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

F.   For an award of costs of suit and attorneys' fees, as allowable by law; and

G.   Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiff, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.


Dated: June 14, 2018                                   Respectfully Submitted,


                                                       /s/ *Bobby Saadian*
                                                       Bobby Saadian
                                                       Attorneys for Plaintiffs and Proposed
                                                       Classes

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137